**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD LOWE,

        Plaintiff,          CIVIL ACTION NO. 08-CV-10269-DT

vs.

                                      DISTRICT JUDGE DAVID M. LAWSON

SEETHA VADLAMUDI,         MAGISTRATE JUDGE MONA K. MAJZOUB
ELIZABETH TATE,
RUTH INGRAM,
CORRECTIONAL MEDICAL
SERVICES,
PATRICIA CARUSO,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order filed on May 7, 2008 (docket no. 27) be **DENIED**.

**II.**     **REPORT:**

    **A.**     **Facts and Procedural History**

Plaintiff is a Michigan state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth and Fourteenth Amendment rights by showing deliberate indifference to his serious medical needs and depriving him of his liberty. (Docket no. 1). Plaintiff by this motion seeks a temporary restraining order and preliminary injunction requiring Defendants to "arrange for an examination and a plan of treatment by a qualified specialist," and to "carry out that plan of treatment." (Docket no. 27 at 7). Plaintiff seeks a neurosurgery consultation with a neurological specialist. (*Id*. at 4). He alleges that on February 19, 2006 he suffered a

transient ischemic attack and was taken to the hospital. An MRI was taken on February 20, 2006 which showed some abnormalities. (*Id*. at 2). He was discharged from the hospital on February 22, 2006, and since then three physicians have allegedly requested that Plaintiff be referred to a neurosurgery specialist. (*Id*.). Defendant Correctional Medical Services, which is a private corporation providing medical care to inmates pursuant to a contract with the Michigan Department of Correction, must authorize such a referral but has not authorized this referral. (*Id*. at 5-7). Plaintiff claims that he is still experiencing pain and numbness in his neck, face, and arms. (*Id*. at 6). He alleges that absent the referral he is at an increased risk of his mild diseases becoming more severe. (*Id*.).

Defendants Caruso and Correctional Medical Services have responded to Plaintiff's motion and oppose the granting of any injunctive relief. (Docket nos. 32, 33). Defendant CMS is the entity against whom any injunction would operate according to Plaintiff's version of the facts because it is CMS which must authorize Plaintiff's referral to a neurosurgical specialist. Defendant CMS argues that Plaintiff has failed to state a claim for relief against it and failed to exhaust his administrative remedies against it. Thus, Defendant CMS contends that Plaintiff has failed to show a likelihood of success on the merits. Defendant CMS also argues that Plaintiff has not shown that absent the requested injunctive relief he will suffer irreparable injury. Finally, Defendant contends that granting a preliminary injunction would cause substantial harm to others and not be in the public interest. (Docket no. 32).

Pretrial matters have been referred to the undersigned for decision. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

**B.	Governing Law**

Rule 65, Fed. R. Civ. P., authorizes the issuance of both preliminary injunctions and temporary restraining orders. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id.*). These factors are to be balanced. However, the failure to show a likelihood of success on the merits is usually fatal. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

**C.	Analysis**

**1.	Likelihood of Success on Merits**

Plaintiff asks that the Court order his referral to a neurosurgery specialist. This might be justified if Plaintiff were to show a strong or substantial likelihood of success on his claim that Defendants are violating his Eighth Amendment rights by not allowing such a referral. Plaintiff shows that a hospital physician wrote in his discharge instructions, in the "Appointments and Plan for Continued Care and Concerns" section, the name of Dr. Fernandez–Neurosurgery along with the date of March and a phone number. (Docket no. 29 at 4). Also, Plaintiff shows that Dr. Vadlamudi

at his prison made a request for CMS to authorize a neurosurgery consult for him on March 3, 2006 and again in November 2006. (*Id*. at 7, 9). There is no evidence that Plaintiff's discharge instructions were sent to CMS as a request separate from the requests of Dr. Vadlamudi. Defendant CMS by Dr. Ivens responded to Dr. Vadlamudi's March 2006 request on March 8, 2006 denying authorization for the referral because no surgical issue was identified and because TIA's could be treated by the MSP (an apparent referral to the prison physicians). (*Id*. at 8). The response from Dr. Vadlamudi was that she would monitor the patient as needed. (*Id*.). In November 2006 Dr. Vadlamudi again requested a neurosurgery consult for Plaintiff but Dr. Ivens again rejected the request because no new information was provided beyond what was provided in March 2006. (*Id*. at 9).

This evidence shows that Defendant CMS through its physician representative considered whether Plaintiff should be referred to a neurosurgical specialist and found that the referral was not necessary. It is well established that a difference of opinion between a prisoner and a physician on the course of treatment does not state a claim for an Eighth Amendment violation based on deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Similarly, a difference of opinion among physicians likely fails to show deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Thibodeaux v. Belleque*, 2007 WL 2607331, slip copy at *4 (D. Or. Aug. 31, 2007) (unpublished). Plaintiff may be able to show a difference of opinion between physicians on the requested referral due to the requests from Dr. Vadlamudi, however he still has not shown a strong or substantial likelihood of success on the merits. The evidence is that Defendant CMS was not

deliberately indifferent to his serious medical need by withholding authorization for Plaintiff's referral.

 2. **Likelihood of Plaintiff's Irreparable Injury**

Plaintiff has also failed to show a strong likelihood that without the referral he will suffer irreparable injury. His argument that if untreated the abnormalities noted from his MRI may cause his death or the loss of the full use of his left arm is not supported by any medical evidence. (Docket no. 27 at 12); *see Gumpl v. Seiter*, 687 F. Supp. 1212, 1213 (S.D. Ohio 1988) (speculative threat of injury insufficient to support granting of injunctive relief). There is also no showing of how a neurosurgical consult might alleviate his concerns.

 3. **Harm to Others**

Where a prison inmate seeks an order enjoining prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984). Prison administrators are given broad discretion in operating their prisons as long as they are pursuing legitimate penological objectives. This Court is ill-suited to make preliminary decisions based on conflicting medical evidence which would interfere with the operation of the prison medical system. Granting Plaintiff's motion would likely harm the orderly operation of the prison.

 4. **Public Interest**

Plaintiff argues that granting his requested injunction would serve the public interest because it is in the public interest for prison officials to obey the law. (Docket no. 27 at 14). However, Plaintiff fails to show that referring him to a neurosurgical specialist is necessary for the prison officials to be in compliance with the law. The public would not be served by the Court ordering

what might be an unnecessary medical referral for a prisoner. Plaintiff has failed to show that it is in the public interest to grant his request.

Upon consideration of all of these factors, the Court recommends denying Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order.

### III. <u>**NOTICE TO PARTIES REGARDING OBJECTIONS:**</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: ___June 6, 2008___         _s/Mona K. Majzoub_____
      MONA K. MAJZOUB
      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify a copy of this document was served upon Donald Lowe and Counsel of Record on this date.

Dated: June 6, 2008        s/ Lisa C. Bartlett_____
      Courtroom Deputy