# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD LOWE,

       Plaintiff,                       CIVIL ACTION NO. 08-CV-10269-DT

vs.

                                         DISTRICT JUDGE DAVID M. LAWSON

SEETHA VADLAMUDI,            MAGISTRATE JUDGE MONA K. MAJZOUB
ELIZABETH TATE, RUTH
INGRAM, CORRECTIONAL
MEDICAL SERVS., PATRICIA
CARUSO
       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION:** Defendant Caruso's Motion to Dismiss (docket no. 23) should be **GRANTED**.

**II.    REPORT:**

    **A.    Facts, Claims, and Procedural History**

Defendant Caruso, the Director of the Michigan Department of Corrections, filed this Motion to Dismiss on April 24, 2008. (Docket no. 23). Plaintiff, a Michigan state prisoner, responded on June 11, 2008. (Docket no. 37). The Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(e). Defendant's motion is now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical need. (Docket no. 1). Plaintiff claims that he

suffers from high blood pressure and was prescribed the medication Calan for his condition. (Docket no. 1 at 3). Defendant Vadlamudi allegedly refused to authorize refills for this medication in July and September 2005. (*Id*.). Plaintiff further alleges that on February 19, 2006 prison officials found him unconscious on the floor of a unit. He was taken to the hospital where it was determined that Plaintiff had suffered a probable transient ischemic attack (TIA). (*Id*. at 5, 7). In addition to the denial of medication, Plaintiff claims that Defendants violated his rights by not allowing follow-up treatment after his TIA which included a consultation with a neurosurgeon. (*Id*. at 11). Dr. Vadlamudi allegedly wrote three referrals for Plaintiff to be seen by a neurosurgeon beginning in March 2006, but Defendant CMS allegedly denied the requests because there was no surgical issue involved and because TIA's could be treated by the prison physicians. (*Id*.). Plaintiff seeks declaratory and injunctive relief and damages. (*Id*. at 36-39).

With respect to Defendant Caruso, Plaintiff alleges that on August 13, 2007 he wrote a letter to Defendant complaining that he had not received his follow-up treatment with a neurosurgeon and that he was still having pain and numbness on the left side of his body. (Docket no. 1 at 13). He did not receive a response from Defendant. (*Id*.). Plaintiff faults Defendant Caruso for this failure and for failing to properly supervise Defendant CMS and properly oversee the day-to-day operations of the prison system. (*Id*. at 28, 34). He claims that Defendant Caruso violated his Eighth Amendment (Count 3) and Fourteenth Amendment (Count 8) rights. (*Id.* at 27, 33).

Defendant moves to dismiss the claims against her arguing that Plaintiff has not alleged sufficient personal involvement by her in the alleged unconstitutional actions. (Docket no. 23 at 8). Defendant also contends that she is protected by Eleventh Amendment and qualified immunities. (*Id*. at 9).

Plaintiff argues in response that Defendant Caruso may be held liable for her failure to properly supervise, direct and control the action of her subordinates and the medical system and staff. (Docket no. 37 at 15). He also argues that Defendant may be held liable for her failure to respond to his medical complaint. (*Id*. at 16). In his Response Plaintiff also argues that the contract between Defendant CMS and the Michigan Department of Corrections governs the referral of inmates to medical specialists and that this contract is an unconstitutional policy because it is deliberately indifferent to inmates' medical needs. (*Id*. at 29-30).

**B.  Standard of Review**

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

**C.  Analysis**

**1.  Personal Involvement**

Section 1983 liability must be based on a defendant's personal involvement in the deprivation of the Plaintiff's civil rights. *Broder v. Correctional Medical Servs., Inc.*, 2008 WL 704229, slip op. at 7-8 (E.D. Mich. Mar. 14, 2008). Liability may not be based on *respondeat superior*. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). A supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the

supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

The only personal involvement alleged against Defendant Caruso is her failure to respond to Plaintiff's August 13, 2007 letter complaining about not being referred to a neurosurgeon. Such inaction fails to show that Defendant violated any of Plaintiff's constitutional rights. *See Broder*, 2008 WL 704229 (allegation that defendant failed to properly respond to grievance concerning medical care insufficient to establish personal liability). Plaintiff has not alleged any facts showing that Defendant Caruso specifically encouraged or directly participated in any of the alleged unconstitutional actions of any other person or entity. She played no part in the denial of Calan to Plaintiff or in the decision not to allow Plaintiff to see a neurosurgeon. An allegation that a supervisory official was aware of unconstitutional conduct but failed to take appropriate action fails to state a claim under section 1983. *Poe*, 853 F.2d at 429. Plaintiff has therefore failed to state a claim for relief based on Defendant Caruso's personal involvement or as a supervising official.

### 2. Unconstitutional Policy

In his Response, Plaintiff argues that Defendant is liable for implementing or maintaining an unconstitutional policy for inmate medical assistance. (Docket no. 37 at 28). Plaintiff argues that the contract between CMS and the Michigan Department of Corrections is unconstitutional because it contains cost-control provisions. (*Id*.). Plaintiff describes the alleged unconstitutional policy as the portion of the contract which governs referral of inmates to specialists. He states that under the policy when the level of care required by a prisoner is beyond the primary care available at the institution, the prison physician is responsible for making a referral to CMS. (*Id*. at 29). CMS then

screens the request against Michigan Department of Correction criteria and grants the request if it meets this criteria. (*Id.*).

Plaintiff has failed to allege any facts supporting a conclusion that the above policy is unconstitutional. According to Plaintiff's version of the events, the policy was followed in his case. Plaintiff's complaint is that Defendant CMS refuses to allow the referral because it believes that Plaintiff's condition is treatable at the prison and does not require the services of a neurosurgeon. These facts do not implicate the policy. They pertain to the specific decision of CMS. Plaintiff has failed to allege facts showing that the medical policy exhibits deliberate indifference to prisoners' serious medical needs, and, therefore, has failed to establish the liability of Defendant Caruso based on this policy. *See City of Canton v. Harris*, 489 U.S. 378, 388 & n.8 (1989); *Broder*, 2008 WL 704229, slip copy at *8. Plaintiff has also failed to allege that Defendant Caruso had any role in implementing the medical policy or in its application to him. *Broder*, 2008 WL 704229, slip copy at *9.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 02, 2008          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Donald Lowe and Counsel of Record on this date.

Dated: October 02, 2008          s/ Lisa C. Bartlett
                                              Courtroom Deputy