# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DONALD LOWE,**

       **Plaintiff,**                **CIVIL ACTION NO. 08-CV-10269-DT**

vs.

                                     **DISTRICT JUDGE DAVID M. LAWSON**

**SEETHA VADLAMUDI,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**ELIZABETH TATE, RUTH**
**INGRAM, CORRECTIONAL**
**MEDICAL SERVS., PATRICIA**
**CARUSO**
       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants Tate and Vadlamudi (docket no. 36) should be **GRANTED**.

**II.    REPORT:**

    **A.    Facts, Claims, and Procedural History**

Defendants Tate and Vadlamudi filed this Motion for Summary Judgment on June 11, 2008. (Docket no. 36). Plaintiff, a Michigan state prisoner, responded on July 3, 2008. (Docket no. 39). All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(e). Defendants' motion is now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by

being deliberately indifferent to his serious medical need.[1] (Docket no. 1). Plaintiff claims that since 1997 he has suffered from high blood pressure, and since that time he was prescribed the medication Calan for his condition. (Docket no. 1 at 2). In November 2004 he was transferred to G. Robert Cotton Correctional Facility where upon arrival his medication was confiscated. (*Id*.). Plaintiff states that the medical provider at the chronic care clinic wanted to change his medication from Calan to an unknown medication. Plaintiff refused this new medication and requested to be transferred to a different correctional facility. Plaintiff signed an R.O.R. (Release from Responsibility) on November 10, 2004 which states that Plaintiff refused treatment but would be welcomed back to the clinic when he is ready to receive treatment. (Docket no. 39 ex. B).

Plaintiff was transferred to Mound Correctional Facility in April 2005. (Docket no. 1 at 3). Defendant Vadlamudi, a doctor at Mound, examined Plaintiff on July 25, 2005 and prescribed Calan daily for 30 days. (*Id*.; docket no. 39 ex. C). Defendant Vadlamudi refused to authorize any refills. (Docket no. 39 ex. C). Plaintiff alleges that he sent an urgent health care request on August 26, 2005 requesting a refill on his blood pressure medication and complaining of headaches, dizziness, and trouble breathing. (Docket no. 39 ex. D). Plaintiff says that he received no response to this request. (Docket no. 1 at 3). On September 1, 2005 Plaintiff complained of chest pains to the prison guards and was seen by RN Green. RN Green restricted Plaintiff from all unit activities (a "lay-in"). (*Id*. at 4). Later that same day Plaintiff again saw a nurse complaining of chest pain. (*Id*.). He states that his blood pressure was very high at 159/153. (*Id*.). Plaintiff alleges that he saw Defendant

---

[1] Plaintiff also alleges based on the same facts that he was deprived of liberty without due process. (Docket no. 1 at 32). The Due Process clause applies to pre-trial detainees and guarantees them adequate medical care. *See Powers v. County of Lorain*, 259 Fed. App'x 818, 821 (6th Cir. 2008). Because Plaintiff is a convicted prisoner, this Court finds that only the Eighth Amendment applies to his claims.

Vadlamudi again on September 12, 2005 and "pleaded with her to refill his medication, but she failed to do so." (*Id.* at 5).

Plaintiff shows that nurses responded to one grievance on October 5, 2005 stating that Plaintiff's chart would be sent to the MSP (whom Plaintiff alleges is Dr. Vadlamudi) "for review of medications." (Docket no. 1 ex. D). On October 7, 2005 Plaintiff again alleges that he sent an urgent medical request to health care requesting a refill of his medication and stating that he is still experiencing headaches and dizziness. (Docket no. 39, ex. F). On November 9, 2005 Plaintiff sent another health care requesting a refill on his medication. (*Id.* ex. I). On December 14, 2005 Plaintiff alleges that he submitted a health care request asking for help to get his high blood pressure prescription refilled because he is having headaches, dizziness, and is getting numb on his left side, but received no response. (*Id.* ex. J).

Plaintiff further alleges that on February 19, 2006 prison officials found him unconscious on the floor of a unit with a blood pressure of 166/104 and with no feeling on the left side of his body. (Docket no. 1 at 5). He was taken to the hospital where it was determined that Plaintiff had suffered a probable transient ischemic attack (TIA). (*Id.* at 5, 7). The final report of the emergency treating physician notes that Plaintiff has a history of hypertension, "which is currently untreated." (Docket no. 39 ex. M). The report notes weakness in the left upper and lower extremity. (*Id.*). The "final impressions" noted in the report are chronic hypertension and transient ischemic attack. (*Id.*). Plaintiff attributes his TIA and the continuing weakness to the left side of his body on Defendant Vadlamudi's failure to authorize the refills of his high blood pressure medication for a period of over six months. (Docket no. 1 at 18). This period apparently runs from September 1, 2005 through Plaintiff's release date from the hospital on or about February 19, 2006. Plaintiff alleges that

Defendant once again prescribed Calan for him after his release from the hospital. (Docket no. 39 at 10). Plaintiff's remaining allegations regarding the denial of a consultation with a neurosurgeon do not implicate Defendant Vadlamudi. Plaintiff seeks declaratory and injunctive relief and damages. (*Id*. at 36-39).

    **B.    Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

    **C.    Analysis**

        **1.    Defendant Tate**

Plaintiff states in his Response that because of his failure to exhaust administrative remedies against Defendant Tate, and because of Defendant Tate's lack of personal involvement in the actions of which he complains, he wishes to release her from this lawsuit. (Docket no. 39 at 2, 15). Therefore, Defendant Tate's Motion for Summary Judgment should be granted.

### 2. Defendant Vadlamudi

Defendant Vadlamudi argues that she is entitled to summary judgment because: (1) Plaintiff failed to properly exhaust his administrative remedies against her; (2) Plaintiff alleges only a difference of opinion on his course of treatment which is not actionable; (3) Plaintiff signed an R.O.R. while at Cotton Correctional Facility which absolves her of liability; and (4) Eleventh Amendment and qualified immunity shield her from liability. (Docket no. 36 at 3).

#### a. Administrative Exhaustion

Defendant concedes that Plaintiff filed a grievance against her for failing to provide him with blood pressure medication for over six months. (Docket no. 36 at 8; No. NRF-2006-03-260-12d1). Plaintiff grieved this issue through all three of the exhaustion levels. (*Id*.). Defendant argues, however, that Plaintiff waited too long to grieve the issue by filing the grievance in March 2006 and, thus, failed to properly grieve the issue. (Docket no. 36 at 11). The Step I denial noted that Plaintiff was non-compliant as evidenced by the R.O.R. and that Plaintiff signed and wanted to restart meds after being hospitalized. (*Id*. ex. C). The Step II response is not reflected in the record. The Step III response reaffirms the Step I response that Plaintiff was non-compliant with his medication and denied the grievance. (*Id*.).

Courts hold that even though prisoners must follow state rules governing the time for filing grievances, when a state resolves a grievance on its merits rather than dismissing it for not being timely filed, the federal court will not second-guess that action. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Threatt v. Arredia*, 2008 WL 762232 (W.D. Mich. Mar. 19, 2008); *Grear v. Gelabert*, 2008 WL 474098 (W.D. Mich. Feb. 15, 2008). Instead, the court finds that the grievance has been properly exhausted. *Threatt*, 2008 WL 762232, slip copy at *2; *Grear*, 2008 WL 474098,

slip copy at *2. The Step I and III responses show that the Department of Corrections responded to Plaintiff's grievance on its merits. Therefore, Plaintiff properly exhausted his administrative remedies.

### b. Deliberate Indifference

Defendant Vadlamudi next argues that Plaintiff fails to state a constitutional violation because he shows only that he disagrees with the course of treatment prescribed for him. (Docket no. 36 at 13). Defendant concedes that she prescribed Calan for Plaintiff and did not order any refills. (*Id*. at 14). She contends, however, that Plaintiff was otherwise treated for his hypertension because at the same time that Defendant Vadlamudi ordered the Calan she ordered a low salt diet for Plaintiff. (*Id*.). Finally, Defendant notes that Plaintiff's medical records show that in August 2005 he was treated through lifestyle modification suggestions by being told by the dietician to lose weight, eat a low-salt diet, quit smoking, and work on stress management. (*Id*.).

Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment because it constitutes the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Claims of negligent medical treatment or medical malpractice do not amount to such deliberate indifference. (*Id*. at 106). Generally, disputes over the adequacy of treatment are not actionable under section 1983. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In some cases, however, the medical treatment provided may be "so woefully inadequate as to amount to no treatment at all." (*Id*.).

Defendant Vadlamudi's reliance upon qualified immunity affects the Court's analysis on this issue. The proper method for determining whether a defendant is entitled to qualified immunity is to determine: (1) whether a constitutional right has been violated; (2) whether that right was clearly

established and one which a reasonable person would have known; and (3) whether the plaintiff has alleged sufficient facts, and supported the showing with evidence, to indicate that what the official did was objectively unreasonable in light of the clearly established constitutional right. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

A jury could determine that Plaintiff's Eighth Amendment right to be free from deliberate indifference to his serious medical need was violated. Plaintiff has shown that he had been prescribed Calan to control his high blood pressure for eight years prior to his examination by Dr. Vadlamudi. Dr. Vadlamudi monitored his blood pressure and also prescribed Calan. A jury could determine that Plaintiff's high blood pressure was chronic and required medication to control it. This is especially probable given Plaintiff's allegation that after he was released from the hospital Defendant Vadlamudi again prescribed Calan for him.

The jury could also determine that the only efforts taken during this six-month period to control Plaintiff's blood pressure were to encourage lifestyle changes without prescribing medication. Even if Dr. Vadlamudi did not see any of the many health care requests and grievances filed by Plaintiff during this period, according to Plaintiff she examined him on September 12, 2005 and refused Plaintiff's plea to refill his blood pressure medication. Plaintiff alleges that during this time his blood pressure readings were very high, and he was experiencing dizziness and headaches. Defendants' own records warn that untreated high blood pressure may lead to many ills including stroke. (Docket no. 39 ex. B). Under these circumstances, the treatment with lifestyle changes, if that may be described as treatment, could be found to be grossly inadequate. Therefore, a jury could determine that Plaintiff established both prongs of the deliberate indifference test: that his high blood pressure was a sufficiently serious medical need and that Defendant Vadlamudi subjectively

perceived facts from which she inferred a substantial risk to Plaintiff and then disregarded that risk for a substantial period of time. The jury could also determine that Plaintiff was injured due to this deliberate indifference.

Plaintiff's signing of the Release from Responsibility (R.O.R.) while at the G. Robert Cotton Correctional Facility about ten months prior to the beginning of the six-month period of denial of medication fails to absolve Defendant Vadlamudi of responsibility. First, the Release itself states that once Plaintiff is ready to receive treatment he would be welcomed back. (Docket no. 39 ex. B). The Release was completed long before the events occurred at Mound Correctional Facility. After Plaintiff's completion of this R.O.R. he made it clear that he wanted the medication Calan, which Defendant Vadlamudi prescribed for him. Therefore, Defendant Vadlamudi's subsequent failure to authorize refills of this medication cannot be attributed to Plaintiff's completion of this R.O.R.

The finding of a constitutional violation, however, does not end the matter for the qualified immunity determination. The next question is whether Plaintiff's right to his blood pressure medication while being treated through lifestyle changes was clearly established at the time such that a reasonable person would have known of it. In determining whether the right was clearly established Plaintiff argues for a very broad inquiry into whether the right to be free from deliberate indifference to his serious medical need was clearly established. (Docket no. 39, attached br. at 25-26 (pages omitted during scan into ECF)). However, the Sixth Circuit prescribes a much narrower inquiry when determining whether a right is clearly established. In *Slusher v. Carson*, 540 F.3d 449, 456 (6th Cir. 2008), a Fourth Amendment excessive force action, the court incorporated the facts of the case by asking whether there was precedent "that would have alerted the officers that it is unconstitutional to use this amount of force to retrieve a court order during a reclamation of

property." Applying a similar level of specificity, the question in the instant case is whether there is precedent that would have alerted Dr. Vadlamudi that it is unconstitutional to refuse to prescribe blood pressure medicine over a six month period when the patient is being treated through lifestyle changes. Neither party has cited cases finding that the denial of blood pressure medication for an extended period of time while attempting to treat the condition with lifestyle changes violates the Eighth Amendment. The Court has not found any cases that would have put a reasonable person on notice that the same or similar conduct violates the Constitution. Therefore, Dr. Vadlamudi is protected by qualified immunity.

Qualified immunity protects a defendant in his personal capacity from liability for civil damages. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant Vadlamudi is therefore not liable for damages in her personal capacity. She, as a state employee (docket no. 1 at 2), is also not liable for damages in her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Plaintiff is not entitled to declaratory relief because he has failed to show that there is any ongoing injury and a threat of future injury. *Bloss v. Moore*, 269 Fed. App'x 446, 448 (5th Cir. 2008). Finally, Plaintiff's request for an injunction is based on his request for a neurological referral, and this claim does not implicate Defendant Vadlamudi. (Docket no. 1 at 37). Summary judgment is properly awarded to Defendant Vadlamudi.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 07, 2008         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Donald Lowe and Counsel of Record on this date.

Dated: October 07, 2008         s/ Lisa C. Bartlett
                                Courtroom Deputy