UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

        Plaintiff,                  CIVIL ACTION NO. 08-CV-10269-DT

vs.

                                     DISTRICT JUDGE DAVID M. LAWSON

SEETHA VADLAMUDI,         MAGISTRATE JUDGE MONA K. MAJZOUB
ELIZABETH TATE, RUTH
INGRAM, CORRECTIONAL
MEDICAL SERVS., PATRICIA
CARUSO
        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendant Correctional Medical Services' Motion to Dismiss or for Summary Judgment (docket no. 43) should be **GRANTED**.

**II.**    **REPORT:**

    **A.**    **Facts, Claims, and Procedural History**

Defendant Correctional Medical Services (CMS), the network medical provider[1] for the Michigan Department of Corrections, filed this Motion to Dismiss or for Summary Judgment on August 1, 2008. (Docket no. 43). Plaintiff, a Michigan state prisoner, responded on August 25, 2008. (Docket no. 44). He moved to amend his Response to add exhibits, and this Court granted leave to do so. (Docket nos. 45, 48). Defendant filed a Reply on September 9, 2008. (Docket no.

---

[1] The medical service provider (MSP) (Dr. Vadlamudi in the instant action) at each facility is responsible for providing all necessary prisoner medical care within their expertise and capabilities of the facility. When the level of care required by a prisoner is beyond the primary level of care provided at the institution, the prisoner's MSP is responsible for making referral to the Network Provider (Defendant CMS) for such care. (Docket no. 43 ex. G). Non-approvals of referrals may be appealed by the MSP. (*Id.*).

-1-

46). Plaintiff filed an unauthorized sur-reply on September 24, 2008 which will not be considered by this Court. (Docket no. 47; E.D. Mich. LR 7.1(d)). All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(e). Defendant's motion is now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical need. (Docket no. 1). Plaintiff claims that he suffers from high blood pressure and was prescribed the medication Calan for his condition. (Docket no. 1 at 3). Defendant Vadlamudi allegedly refused to authorize refills for this medication over a six-month period in 2005 and 2006. (*Id.*). Plaintiff further alleges that on February 19, 2006 prison officials found him unconscious on the floor of a unit. He was taken to the hospital where it was determined that Plaintiff had suffered a probable transient ischemic attack (TIA). (*Id.* at 5, 7). In addition to the denial of medication, Plaintiff claims that Defendants violated his rights by not allowing follow-up treatment after his TIA which included a consultation with a neurosurgeon. (*Id.* at 11). Dr. Vadlamudi allegedly wrote referrals for Plaintiff to be seen by a neurosurgeon beginning in March 2006, but Defendant CMS allegedly denied the requests because there was no surgical issue involved and because TIA's could be treated by the prison physicians. (*Id.*). Plaintiff seeks declaratory and injunctive relief and damages. (*Id.* at 36-39).

With respect to Defendant CMS, Plaintiff alleges that it violated his Eighth Amendment right to be free from cruel and unusual punishment by denying two requests made by Dr. Vadlamudi, a

doctor at the Mound Correctional Facility, for Plaintiff to be seen by a neurosurgeon.[2]  (Docket no. 1 at 23).  In his Response, Plaintiff also alleges that the contract between the Michigan Department of Corrections and Defendant CMS is an unconstitutional policy that exhibits deliberate indifference to inmates' medical needs.  (Docket no. 44 at 26).

Defendant CMS argues that it should be dismissed from this action for several reasons. (Docket no. 43).  It contends that Plaintiff failed to properly exhaust his administrative remedies, that his Complaint fails to state a claim for relief, and that it is entitled to summary judgment because there are no material facts in dispute, and it is entitled to judgment as a matter of law.  (*Id.*).

**B.     Standard of Review**

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint.  (*Id.*).  The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however.  (*Id.*).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.

---

[2] Plaintiff also alleges based on the same facts that he was deprived of liberty without due process. (Docket no. 1 at 34).  The Due Process clause applies to pre-trial detainees and guarantees them adequate medical care.  *See Powers v. County of Lorain*, 259 Fed. App'x 818, 821 (6th Cir. 2008).  Because Plaintiff is a convicted prisoner, this Court finds that only the Eighth Amendment applies to his claims.

*Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

    **C.    Analysis**

        **1.    Administrative Exhaustion**

The Court finds that Plaintiff exhausted his administrative remedies against Defendant CMS by his filing of grievance number NRF-2006-11-1079-12d on November 15, 2006. (Docket no. 43 ex. M). Plaintiff complained in this grievance that Dr. Vadlamudi "who works for CMS, Health Care Medical Services" denied him medical care and violated his right to be free from cruel and unusual punishment.[3] (*Id.*). Plaintiff alleges in this grievance that upon his release from the hospital on February 22, 2006 he was scheduled for follow-up treatment with a neurosurgeon but has never seen this surgeon and as a result is suffering from numbness on the left side of his body and severe headaches. (*Id.*). Defendant argues that Plaintiff failed to follow all of the rules governing grievances and their filings, however the responses to the grievances through all three levels show that the Department of Corrections addressed the grievance on its merits rather than relying upon any procedural defect to deny it. (*Id.*). Therefore, Plaintiff properly exhausted his administrative remedies against Defendant CMS. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Threatt*

---

[3] Dr. Vadlamudi is apparently not employed by Defendant CMS but rather by the Michigan Department of Corrections. Plaintiff disavows any attempt to hold Defendant CMS liable through any act of an employee. (Docket no. 44 at 27-28). Therefore, this Report examines whether Defendant CMS is liable for any act of its own or through one of its policies.

*v. Arredia*, 2008 WL 762232 (W.D. Mich. Mar. 19, 2008); *Grear v. Gelabert*, 2008 WL 474098 (W.D. Mich. Feb. 15, 2008).

## 2. Deliberate Indifference to Serious Medical Need

Defendant CMS does not dispute that it refused to authorize Plaintiff's referral to a neurosurgeon on two occasions. It states that the first request was made by Dr. Vadlamudi on March 3, 2006 and the second by Dr. Vadlamudi in November 2006. (Docket no. 43 at 12-13). It denied the first request because no surgical issue was involved and because TIA's could be treated by the prison physician. (*Id.*). The second request was not authorized for the same reasons. (*Id.*).

Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment because it constitutes the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Claims of negligent medical treatment or medical malpractice do not amount to such deliberate indifference. (*Id.* at 106). Generally, disputes over the adequacy of treatment are not actionable under section 1983. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff's allegations fail to show, and his evidence fails to demonstrate, that Defendant CMS was deliberately indifferent to his serious medical need. Defendant promptly considered both of the requests for referral. The first response was given within five days, and the second was apparently responded to within about 15 days, first by a request for more information[4] and then denied a day later. (Docket no. 43 exs. E, F, H). Defendant was not the primary medical provider for Plaintiff. (*Id.* ex. G (MDOC operating procedure)). The record makes clear that Plaintiff was seeing medical personnel at Mound Correctional Facility on a regular basis. Defendant also

---

[4] Defendant CMS requested the results of Plaintiff's tests including CT head scan and MRI of Plaintiff's C-spine. (Docket no. 43 ex. H).

provided Plaintiff with reasons for denying the requested referrals.[5]  Any disagreement over whether the reasons given are sufficient amounts to Plaintiff's disagreement with the course of treatment found to be necessary by Dr. Ivens of CMS who authorized the non-approvals.  (*Id*. exs. F, H).  Such a disagreement over the course of treatment fails to state a claim for relief.  *Westlake*, 537 F.2d at 860 n.5.

   **3.**  **Unconstitutional Policy**

In his Response, Plaintiff argues that Defendant is liable for implementing or maintaining an unconstitutional policy for inmate medical assistance.[6]  (Docket no. 44 at 28).  Plaintiff argues that the contract between CMS and the Michigan Department of Corrections is unconstitutional because it contains cost-control provisions.  (*Id*. at 28-29).  Plaintiff describes the alleged unconstitutional policy as  the portion of the contract which governs referral of inmates to specialists.  He states that under the policy when the level of care required by a prisoner is beyond the primary care available at the institution, the prison physician is responsible for making a referral to CMS.  (*Id*. at 32).  CMS then screens the request against Michigan Department of Correction criteria and grants the request if it meets this criteria.  (*Id*.).

Plaintiff has failed to allege any facts supporting a conclusion that the above policy is unconstitutional.  According to Plaintiff's version of the events, the policy was followed in his case.  Plaintiff's complaint is that Defendant CMS refuses to allow the referral because it believes that Plaintiff's condition is treatable at the prison and does not require the services of a neurosurgeon.

---

[5] Defendant maintains and Plaintiff does not dispute that his prison MSP did not appeal either of the non-approvals of Defendant CMS.

[6] Defendant is correct that Plaintiff failed to claim in his Complaint that Defendant CMS was liable because of an unconstitutional policy. (Docket no. 1 at 24-27). Out of an abundance of caution this Court will address this issue raised in Plaintiff's Response.

These facts do not implicate the policy. They pertain to the specific decision of CMS. Plaintiff has failed to allege facts showing that the medical policy exhibits deliberate indifference to prisoners' serious medical needs, and, therefore, has failed to establish the liability of Defendant CMS based on this policy. *See City of Canton v. Harris*, 489 U.S. 378, 388 & n.8 (1989); *Broder v. Correctional Medical Servs., Inc.*, 2008 WL 704229, slip copy at *8 (E.D. Mich. Mar. 14, 2008).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: October 14, 2008                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Donald Lowe and Counsel of Record on this date.

Dated: October 14, 2008                s/ Lisa C. Bartlett
                                       Courtroom Deputy