**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD LOWE,

        Plaintiff,                      **CIVIL ACTION NO. 08-CV-10269**

vs.                                            **DISTRICT JUDGE DAVID M. LAWSON**

SEETHA VADLAMUDI,           **MAGISTRATE JUDGE MONA K. MAJZOUB**
ELIZABETH TATE, RUTH
INGRAM, CORRECTIONAL
MEDICAL SERVICES and
PATRICIA CARUSO

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC. AND MOTION FOR PROTECTIVE ORDER (DOCKET NO. 97)**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on January 17, 2008, alleging in part that Defendant Correctional Medical Services, Inc. ("CMS") was deliberately indifferent to his serious medical needs by failing to approve referral requests for a neurosurgery consultation. On March 16, 2009, the district court denied CMS's motion to dismiss and/or for summary judgment, finding at the time that a question of fact remains on the issue of whether Defendant maintains an unconstitutional custom or practice related to requests for specialized care. (Docket no. 63 at 19).

Presently before the Court is Plaintiff's Motion to Compel Discovery from Defendant CMS and Motion for Protective Order. (Docket no. 97). Plaintiff shows that he served his First Request for Production of Documents on Defendant CMS on August 18, 2009, and his second set of

1

document requests on December 30, 2009. (Docket no. 97, Ex. A, C). Defendant CMS served responses and objections to the first set of document requests and refused to produce documents under the second set of document requests. Plaintiff now moves for an order compelling Defendant CMS to answer his First Request for Production No. 5 and Second Request for Production No. 1 or 2.[1] The motion is fully briefed. All pretrial matters have been referred to the undersigned for decision. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

**First Request for Production ("RFP") No. 5**

Document Request No. 5 requests a copy of the contract between Defendant CMS and MDOC for the provision of health care services in effect during the period April 1, 2005 - December 31, 2006. Defendant CMS objects to the request on the grounds that the state contract contains a nondisclosure clause which bars it from disclosing the document. Defendant further argues that because the document is a state contract, Plaintiff should have obtained the document from the State of Michigan through a FOIA request or subpoena.

Plaintiff has demonstrated that the contract at issue is relevant to the issues in this case. Defendant CMS does not claim that any privilege attaches to the contract. Instead, it argues that production of the contract is a violation of the nondisclosure clause and may subject it to potential liability for breach of contract. The Court was not provided with the language of the nondisclosure

---

[1]Plaintiff states that CMS's response to First Request for Production No. 11 is also the subject of this motion. He concedes, however, that document request No. 11 exceeded the scope of Federal Rule of Civil Procedure 34 by asking Defendant CMS to compile a list. Plaintiff states that Second Request for Production Nos. 1 and 2 were intended to replace document request No. 11 and provide CMS with an alternative means of complying with that request. The Court will therefore address Second Request for Production Nos. 1 and 2, and not First Request for Production No. 11, in this Order.

clause so it could evaluate Defendant's argument that production of the contract may subject it to liability. Defendant also did not move for a protective order to prevent disclosure of the contract. The Court concludes that the service contract is relevant and not privileged. Plaintiff's counsel states that she is willing to enter into a protective order related to the disclosure of the contract. Accordingly, the Court will order Defendant CMS to produce documents responsive to RFP No. 5 subject to a protective order, the terms of which should be agreed upon between Plaintiff's counsel and Defendant CMS.

**Second Request for Production No. 1 and 2**

Second Document Request No. 1 requests certain records for the dates April 1, 2005 through the time when CMS no longer provided health care services for state correctional facilities. Second Document Request No. 2 seeks as an alternative to the first request the identical information except in redacted form.

Defendant objects to the document requests on the grounds that they were not timely served, they are overbroad, the requested documents are contained within medical records which are in the sole possession, custody, and control of the MDOC, and the documents are protected by the physician-patient privilege and the Health Information Portability and Accountability Act ("HIPAA"). Defendant also contends that it does not maintain redacted medical records and has no duty to create such records.

Defendant asserts that Plaintiff's second set of document requests are untimely because they were served on the close of discovery. Plaintiff's counsel served Second RFP Nos. 1 and 2 on December 30, 2009. The Court's Amended Scheduling Order sets December 30, 2009 as the discovery cutoff date, but does not state whether discovery must be issued by that date or completed

by that date. (Docket no. 88). On January 29, 2010 a Stipulated Order was entered which recognized that discovery was not yet complete and extended the deadline for dispositive motions. (Docket no. 100). Because the record shows that discovery was not complete by the December 30, 2009 cutoff date, the Court finds that the requests served on that date are timely.

Defendant next argues that the information Plaintiff seeks is protected by the physician-patient privilege and HIPAA. As noted by the Plaintiff, federal courts do not recognize a physician-patient privilege. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992). HIPAA prohibits the wrongful disclosure of individually identifiable health information, defined as information that relates to the physical or mental health or condition of an individual, or the provision of health care to an individual, that identifies the individual. 42 U.S.C. § 1320d-6; 45 C.F.R. § 160.103. De-identified health information is not protected under the act. 45 C.F.R. § 164.514.

> HIPAA's implementing regulations provide in relevant part:
>
> A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
> > (A) The covered entity receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
> > (B) The covered entity receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1).

A "covered entity" includes a health care provider who transmits any health information in electronic form, and may include a business associate of a covered entity. 45 C.F.R. § 160.103.

4

"Satisfactory assurances" are provided through a written statement and accompanying documents that demonstrate that the party seeking the protected information has requested a qualified protective order from the court. 45 C.F.R. § 164.512(e)(1)(iv). A qualified protective order is defined as a court order that: (a) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which it was requested; and (b) requires the return of the protected information to the covered entity or destruction of the information at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(v).

Pursuant to HIPAA's statutory provisions and regulations, Defendant CMS is a covered entity which may disclose the specific information requested by Plaintiff subject to a court order, or if no order is entered, subject to a discovery request if adequate assurances are received that Plaintiff's counsel sought a qualified protective order. The statute also permits Defendant CMS to disclose de-identified health information. Plaintiff's counsel has asked the Court to direct Defendant CMS to enter into a qualified protective order with the Plaintiff, or provide documents in redacted form such that they contain no identifiable information. Plaintiff's counsel's request is not barred by HIPAA.

Defendant CMS argues that Second RFP Nos. 1 and 2 are overbroad. The Court finds that Plaintiff's counsel has set reasonable time limitations on the requests which will limit the volume of information produced. Accordingly, the Court will order the parties to execute a HIPAA qualified protective order consistent with this Order. Documents must be designated for Attorney's Eyes Only, or some other appropriate designation, to limit the disclosure of sensitive information. If further safeguards are desired, the protective order may also require that all identifying information be redacted. *See* 45 C.F.R. § 164.514(b)(2)(i).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery from Defendant CMS and Motion for Protective Order (docket no. 97) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before June 21, 2010, the parties must submit to the Court for approval an executed HIPAA qualified proposed protective order consistent with this Order. The proposed protective order must address documents responsive to Plaintiff's Second RFP Nos. 1 or 2 and also address documents responsive to Plaintiff's First RFP No. 5.

**IT IS FURTHER ORDERED** that Defendant CMS must produce the requested documents to Plaintiff's counsel on or before July 12, 2010.

**IT IS FURTHER ORDERED** that, on or before August 2, 2010, the parties may supplement the Motions for Summary Judgment currently pending before the Court to address discovery received under this Order. Supplemental responses to the supplemented motions will be due by August 9, 2010. Supplemental Reply Briefs will be due by August 16, 2010.

**IT IS FURTHER ORDERED** that the hearing on this motion scheduled for June 16, 2010 is cancelled.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 14, 2010          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: June 14, 2010         s/ Lisa C. Bartlett
                             Case Manager