UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

       Plaintiff,                         CIVIL ACTION NO. 08-CV-10269

vs.

                                        DISTRICT JUDGE DAVID M. LAWSON

SEETHA VADLAMUDI,            MAGISTRATE JUDGE MONA K. MAJZOUB
ELIZABETH TATE, RUTH
INGRAM, CORRECTIONAL
MEDICAL SERVS., PATRICIA
CARUSO
       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendant Seetha Vadlamudi (docket no. 105) be **GRANTED IN PART AND DENIED IN PART**.

**II.    REPORT:**

**A.    Facts and Procedural History**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Vadlamudi. (Docket no. 105). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging that Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual

1

punishment by being deliberately indifferent to his serious medical need. (Docket no. 1). Plaintiff claims that since 1997 he has suffered from high blood pressure, and since that time he was prescribed the medication Calan for his condition. (Docket no. 1 at 2). In November 2004 he was transferred to G. Robert Cotton Correctional Facility where upon arrival his medication was confiscated. (Docket no. 1 at 2). Plaintiff states that the medical provider at the chronic care clinic wanted to change his medication from Calan to an unknown medication. Plaintiff refused this new medication and requested to be transferred to a different correctional facility. Plaintiff signed an R.O.R. (Release from Responsibility) on November 10, 2004 which states that Plaintiff refused treatment but would be welcomed back to the clinic when he is ready to receive treatment.

Plaintiff was transferred to Mound Correctional Facility in April 2005. (Docket no. 1 at 3). Defendant Vadlamudi, the only physician at Mound during the course of events, examined Plaintiff on July 25, 2005 and prescribed Calan daily for 30 days. (Docket no. 105, Ex. A at 3, Ex. C at 25). Because Defendant Vadlamudi expected to see Plaintiff for a follow-up visit in one month, she did not order refills of the Calan. (Docket no. 105, Ex. A at 4, Ex. C at 65, 70). Plaintiff alleges that he sent an urgent health care request on August 26, 2005 requesting a refill on his blood pressure medication and complaining of headaches, dizziness, and trouble breathing. (Docket no. 1, Ex. B). He says that he received no response to this request. (Docket no. 1 at 3).

On or around August 30, 2005, Plaintiff missed his scheduled appointment with the medical service provider ("MSP"). (Docket no. 105, Ex. A at 6). Plaintiff alleges that the appointment was cancelled because of an emergency count. (Docket no. 105, Ex. B at 8-9; Docket no. 1 at 4). On September 1, 2005 Plaintiff complained of chest pains to the prison guards and was seen by RN Green. RN Green restricted Plaintiff from all unit activities (a "lay-in"). (Docket no. 105, Ex. A

at 5-6). Later that same day Plaintiff again saw a nurse, this time complaining about the lay-in and denying that he was having chest pain. (Docket no. 105, Ex. A at 6). Plaintiff states that he did not need a lay-in and just wanted to see a doctor. (Docket no. 1 at 4). His blood pressure was 155/104. (Docket no. 105, Ex. A at 6). Plaintiff's MSP appointment was rescheduled for September 7, 2005. When he failed to show for that appointment, the appointment was rescheduled again for September 12, 2005. (Docket no. 105, Ex. A at 6). Plaintiff claims that he failed to show for the September 7, 2005 appointment because he did not get a pass and health care did not call him over. (Docket no. 1 at 4-5).

Plaintiff saw Defendant Vadlamudi on September 12, 2005 and states that he "pleaded with her to refill his medication, but she failed to do so." (Docket no. 1 at 5). Defendant Vadlamudi's deposition testimony shows that she does not remember the September 12, 2005 appointment and does not recall if Plaintiff asked her to refill his medication. She states, however, that if Plaintiff had asked her for a refill she would have written a prescription because it was not her intention to cancel the Calan. (Docket no. 105, Ex. C at 78, 90-91). She also states that she did not know that Plaintiff needed a refill. (Docket no. 105, Ex. C at 80-81, 93-94).

Plaintiff shows that he attempted to obtain his medication several times over the ensuing months by sending kites and filing grievances. (Docket no. 1, Ex. D-G). Defendant Vadlamudi testified that she does not see prisoner grievances or kites. Nevertheless, the record shows that nurses responded to Plaintiff's grievance on October 5, 2005 stating that Plaintiff's chart would be sent to the MSP (whom Plaintiff alleges is Defendant Vadlamudi) "for review of medications." (Docket no. 1, Ex. D). On October 7, 2005 Plaintiff again alleges that he sent an urgent medical request to health care requesting a refill of his medication and stating that he is still experiencing

3

headaches and dizziness. On November 9, 2005 Plaintiff sent another health care kite requesting a refill on his medication. On December 14, 2005 Plaintiff alleges that he submitted a health care request asking for help to get his high blood pressure prescription refilled because he is having headaches, dizziness, and is getting numb on his left side, but received no response.

Plaintiff was found by prison officials on February 19, 2006 lying unconscious on the floor of a unit with a blood pressure of 166/104 and with no feeling on the left side of his body. (Docket no. 1, Ex. H). He was taken to the hospital where it was determined that Plaintiff had suffered a probable transient ischemic attack (TIA). (Docket no. 1, Ex. I). The final report of the emergency treating physician notes that Plaintiff has a history of hypertension, "which is currently untreated." (Docket no. 1, Ex. I). Plaintiff attributes his TIA and the continuing weakness to the left side of his body on Defendant Vadlamudi's failure to authorize refills of his high blood pressure medication for a period of over six months. (Docket no. 1 at 18). He seeks declaratory and injunctive relief and damages.

**B.     Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on

4

which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

Defendant Vadlamudi argues that she is entitled to the defense of qualified immunity because she did not have subjective knowledge that the Plaintiff ran out of medication. The proper method for determining whether a defendant is entitled to qualified immunity is to determine: (1) whether a constitutional right has been violated; (2) whether that right was clearly established and one which a reasonable person would have known; and (3) whether the plaintiff has alleged sufficient facts, and supported the showing with evidence, to indicate that what the official did was objectively unreasonable in light of the clearly established constitutional right. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

Plaintiff alleges that Defendant Vadlamudi violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical need of hypertension. Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment because it constitutes the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Claims of negligent medical treatment or medical malpractice do not amount to such deliberate indifference. *Id*. at 106. Generally, disputes over the adequacy of treatment are not actionable under § 1983. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In some cases, however, the medical treatment provided may be "so woefully inadequate as to amount to no treatment at all." *Id*.

Defendant Vadlamudi filed a previous motion for summary judgment in this case on June 11, 2008. (Docket no. 36). In response to that motion, this Court found that a reasonable jury could

5

determine that Plaintiff's Eighth Amendment right to be free from deliberate indifference to his serious medical need was violated. (Docket no. 50 at 7). The district court adopted that finding and further found that Defendant Vadlamudi was not entitled to qualified immunity because a reasonable doctor would be aware that denying medication for a chronic condition after repeated requests and persistence of symptoms could be a violation of a prisoner's rights. (Docket no. 63 at 15).

The present Motion for Summary Judgment was filed after additional discovery was conducted. Nothing in this motion alters the Court's conclusion that there remains genuine issues of fact for trial regarding whether Defendant Vadlamudi violated Plaintiff's Eighth Amendment rights. If Plaintiff's version of the facts are believed, a reasonable jury could find that Plaintiff's high blood pressure was chronic and required medication to control it. A jury could further find that Defendant Vadlamudi had knowledge of the fact that Plaintiff was not receiving his blood pressure medication, yet failed to authorize refills of his medication.

Viewing the evidence in the light most favorable to the Plaintiff, the Court should find that a triable issue of fact remains as to whether Defendant Vadlamudi had subjective knowledge that the Plaintiff was not receiving medication to control his high blood pressure. Further, a question of fact remains regarding whether Defendant Vadlamudi's failure to refill Plaintiff's blood pressure medication constitutes deliberate indifference as opposed to simple negligence. Accordingly, Defendant Vadlamudi's Motion for Summary Judgment should be denied on Plaintiff's individual liability claim against Defendant Vadlamudi.

Defendant Vadlamudi also argues that she is entitled to Eleventh Amendment Immunity as to Plaintiff's claim against her in her official capacity. The Court agrees. The Eleventh Amendment bars suits for money damages against state employees sued in their official capacity. *Johnson v.*

*Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). To the extent Plaintiff seeks damages from Defendant Vadlamudi for a violation of § 1983 which occurred while she was acting in her official capacity, such claim is barred by the Eleventh Amendment and should be dismissed from this lawsuit.

**III.** **<u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: August 24, 2010						s/ Mona K. Majzoub
								MONA K. MAJZOUB
								UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 24, 2010						s/ Lisa C. Bartlett
								Case Manager