UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

        Plaintiff,

                                      Case Number 08-10269

v.                                        Honorable David M. Lawson

                                      Magistrate Judge Mona K. Majzoub

SEETHA VADLAMUDI, and
CORRECTIONAL MEDICAL SERVICES,

        Defendants.

_____/

**ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, SUSTAINING IN PART PLAINTIFF'S OBJECTIONS, DENYING DEFENDANT CORRECTIONAL MEDICAL SERVICES'S SECOND MOTION FOR SUMMARY JUDGMENT, AND CONTINUING ORDER OF REFERENCE FOR PRETRIAL PROCEEDINGS**

This case is before the Court on the plaintiff's objections to a report filed by Magistrate Judge Mona K. Majzoub recommending that defendant Correctional Medical Service's (CMS) motion for summary judgment be granted because the plaintiff has failed to present a genuine issue of material fact. The plaintiff filed a *pro se* complaint alleging that the defendants violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs and by maintaining a custom or practice of denying requests for referrals to specialists. The Court entered an order referring the case to Magistrate Judge Majzoub to conduct all pretrial matters. On August 1, 2008, CMS filed a motion entitled "Motion to Dismiss and/or for Summary Judgment." The Court denied that motion following a report and recommendation from the magistrate judge. Subsequently, CMS filed a second dispositive motion, styled as a motion for summary judgment only. Magistrate Judge Majzoub filed her report recommending that the motion be granted on December 3, 2010. The plaintiff filed timely objections, arguing *inter alia* that the magistrate judge

erred by considering the merits of the defendant's second motion for summary judgment in violation of the local rules. The defendants filed a response, arguing that it filed a joint motion to dismiss and for summary judgment, that the Court considered the document a motion to dismiss when it found that the plaintiff's complaint did not allege a written policy, and that the magistrate judge allowed for additional dispositive motions when it filed a Scheduling Order setting a new dispositive motion deadline. The plaintiff filed a reply. This matter is now before the Court for a *de novo* review.

The defendant styled its initial dispositive motion as one to dismiss "and/or" for summary judgment. However, in considering the merits of this motion, the Court construed it as one for summary judgment. *See* Order [dkt #63] at 15-18. The Court applied the analytical framework for a summary judgment motion, concluding as follows:

> Based on the regular instances of denials of referrals to specialists amounting to the denial of medical care, there appears to be sufficient evidence to create a question of fact on the issue of CMS's custom and regular practice when dealing with prisoner's needs for specialized medical care. Summary judgment must be denied if there are questions of fact for the jury to resolve. *Harris v. Bornhorst*, 513 F.3d 503, 519-20 (6th Cir. 2008).

*Id.* at 18. CMS filed a motion for reconsideration, which did not challenge the Court's construction of its motion. The Court denied that motion on the merits on April 30, 2009. Based on this procedural history, the Court finds that the defendant filed a motion for summary judgment seeking to test the factual sufficiency of the plaintiff's complaint, and the Court reviewed the merits of the defendant's position at least twice in April 2009. The defendant's argument that the Court considered its previous motion as a motion to dismiss under Federal Rule 12(b)(6) is not supported by the record. The argument that the magistrate judge granted leave to file a second round of dispositive motions merely by scheduling a deadline for such motions also is difficult to accept. The

establishment of a motion deadline does not amount to granting leave to file a second summary judgment motion, particularly where other parties had not filed motions for summary judgment yet.

On March 3, 2010, the defendant filed a second dispositive motion, styled as a motion for summary judgment.  Local Rule 7.1(b)(2) requires that "[a] party must obtain leave of court to file more than one motion for summary judgment."  E.D. Mich. LR 7.1(b)(2).  The comment to this rule warns that "[a]ttempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1."  E.D. Mich. LR 7.1 cmt.  There is no evidence in the record, including the magistrate judge's scheduling order, that CMS sought or obtained leave of court to file its second motion.  Moreover, the second motion raises substantially the same arguments already considered by the Court in its order denying the first motion for summary judgment.  It appears to the Court that the defendant is seeking to rehash arguments that proved unsuccessful the first time around, perhaps hoping for a more favorable result after the passage of time.  Therefore, the Court will deny the defendant's second motion for summary judgment for failure to comply with the local rules.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #127] is **REJECTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #128] are **SUSTAINED IN PART**.

It is further **ORDERED** that defendant Correctional Medical Services's second motion for summary judgment [dkt #103] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mona K. Majzoub under the previous reference order [dkt # 8] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 31, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL