UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

        Plaintiff,

                                        Case Number 08-10269

v.                                         Honorable David M. Lawson

SEETHA VADLAMUDI and
CORRECTIONAL MEDICAL SERVICES,

        Defendants.

_____/

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
GRANTING MOTION TO COMPEL AND FOR A PROTECTIVE ORDER**

On January 11, 2010, the plaintiff filed a motion to compel defendant Correctional Medical Services to produce its contract with the Michigan Department of Corrections ("MDOC"), all documents relating to specialized referral requests, and documents relating to whether the defendant approved or denied those requests. On June 14, 2010, Magistrate Judge Mona K. Majzoub granted the plaintiff's motion and ordered the defendant to produce the requested documents subject to a qualified protective order. Defendant Correctional Medical Services (CMS) objected on July 1, 2010. The plaintiff responded on July 13, 2010, and defendant CMS replied on July 23, 2010. After the case was scheduled for trial, the parties submitted a joint statement regarding the objection, noting that the requested contract has been obtained through a Freedom of Information Act request and discussing the remaining issues.

Magistrate Judge Majzoub's order was not clearly erroneous. The plaintiff sufficiently proved that the information contained in the requested documents was relevant to his claim. Furthermore, the Health Information Portability and Accountability Act ("HIPAA") did not bar disclosure of the requested information because Magistrate Judge Majzoub ordered the defendant

to produce the documents and the plaintiff sought a qualified protective order.  For these reasons, the Court will affirm Magistrate Judge Majzoub's order and overrule the defendant's objections.

I.

The case arose when the plaintiff, a prisoner who was incarcerated at the Mound Correctional Facility in Detroit, Michigan, complained that defendant CMS deprived him of his liberty without due process and caused him to suffer cruel and unusual punishment when CMS refused to give him his blood pressure medication for six-and-a-half months and refused to refer him for a neurosurgery consultation.  The plaintiff requests an injunction ordering the defendant to arrange a neurological consultation for the plaintiff, compensatory damages for the delayed treatment, and punitive damages.

On August 18, 2009, the plaintiff served his first set of interrogatories and requests for production on the defendant, which included the following requests:

> RFP 5. Provide a copy of the contract between CMS and MDOC for the provision of health care services in effect during the period April 1, 2005 – December 31, 2006, including any modification or addendums to the contract, related side letters, or related memoranda of understanding.
> [ . . . ]
> RFP 11. Provide a list by date of request, patient name, and patient number of specialty referrals since April 1, 2005, together with the nature of the request and dates of any rejection or subsequent approval.

Br. in Support of Pl.'s Mot. to Compel at 6-7.  The defendant refused to comply with RFP 5 because the contract in question contained a non-disclosure agreement.  The defendant refused to comply with RFP 11 because it required the defendant to make a list, which is not permitted under Federal Rule of Civil Procedure 34, and because it sought information protected by the physician-patient privilege.

On December 30, 2009, the plaintiff served a second set of requests for production on the defendant, which included the following requests:

> Second RFP 1.    Provide all documents relating to specialist referral requests for patients in correctional facilities in Michigan from April 1, 2005 through the time when CMS no longer provided health care services for correctional facilities in Michigan, including all documents relating to the rejection or approval of the requests.
> [ . . . ]
> Second RFP 2.    As an alternative to complying with RFP 1, above, provide redacted copies of all documents relating to specialist referral requests for patients in correctional facilities in Michigan from April 1, 2005 through the time when CMS no longer provided health care services for correctional facilities in Michigan, including all documents relating to the rejection or approval of the requests, such that the documents contain no individually identifiable health information. If documents are produced in a redacted form according to this RFP, please redact them such that separate documents relating to a patient can still be identified as relating to that particular patient.

*Id.* at 7-8. These two requests were intended to modify RFP 11. The defendant refused to comply with the amended requests for the same reasons it refused to comply with RFP 11.

On January 11, 2010, the plaintiff filed a motion to compel the production of those documents and a motion for a protective order to keep confidential all individually identifiable health information. On June 14, 2010, Magistrate Judge Majzoub issued an order granting the plaintiff's motions. The defendant filed an objection to the order on July 1, 2010. The plaintiff responded on July 13, 2010 and the defendant replied on July 23, 2010. On January 13, 2012, the parties submitted a joint statement of the issues remaining with respect to the magistrate judge's order and the defendant's objections. The parties indicated that the plaintiff had obtained the requested contract through a Freedom of Information Act request. This order will address only those disputes remaining as to the plaintiff's requests for production of documents.

II.

This Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 573 (1985).

Second RFP 1 requested all of the defendant's documents relating to specialty referral requests, including rejections or approvals, from April 1, 2005 through the end of the defendant's service relationship with the MDOC, and Second RFP 2 requested the same documents in a redacted form, as an alternative to the first option. The defendant argues the requests are untimely, overly broad, and that disclosure would violate HIPAA and the Due Process Clause because the plaintiff has failed to provide notice of his request to each individual patient for whom he would receive medical records. The objections will be addressed in turn.

A.

Magistrate Judge Majzoub held that the plaintiff's second set of requests for production were timely. The defendant objects to that finding and argues that discovery had to be completed by

December 30, 2009. The defendant appears to have abandoned this objection, as it is not mentioned in the joint statement. Regardless, the objection is without merit. "It is well established that the scope of discovery is within the sound discretion of the trial court," and "[a] district court enjoys broad discretion in managing discovery." *Sun Trust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002). The amended scheduling order in this case sets the discovery cut-off date at December 30, 2009, but does not state whether discovery must be issued or completed by that date. Nor do the local rules favor either interpretation. Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 573 (1985). Because it is plausible to interpret the amended scheduling order as setting December 30, 2009 as the last date for issuing discovery requests, and in light of the discretion afforded in management of discovery, Magistrate Judge Majzoub's decision was not clearly erroneous. Further, the defendant's complaint that it "was not afforded the full opportunity to respond to Plaintiff's discovery requests prior to the discovery motion cut-off date" rings hollow. Def.'s Obj. at 18. More than two years have passed since the plaintiff made his discovery requests and the magistrate judge entered the order to compel, and the defendant still has not provided the requested documents. The defendant's failure to respond to the plaintiff's discovery requests was clearly not due to a lack of opportunity to do so.

B.

In its second objection, the defendant argues that the magistrate judge's determination that the plaintiff's requests are not overbroad was clearly erroneous and contrary to law. The Federal

Rules of Civil Procedure provide that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). As the defendant itself noted, "the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford & Co.*, 925 F. 2d 901, 906 (6th Cir. 1991). In the present case, the burden on the defendant of producing the documents was reduced when the plaintiff limited the requests to only those documents relating to specialist referral requests and further limited the scope of the requests to a specific time period. In support of its criticism of the magistrate judge's determination that the requests were overly broad, the defendant has cited a series of decisions from other circuits, some of them unpublished, involving discovery requests much broader than the requests at issue in this case. *See Regan-Touhy v. Walgreen Co.*, 529 F.3d 641, 649 (10th Cir. 2008) (finding a request for "all documents . . . that refer to, mention or relate in any way to Plaintiff, Whitlock [a pharmacist], or the litigation or the allegations, facts and circumstances concerning the litigation" overly broad); *Hartford Fire Ins. Co. v. P&H Cattle Co., Inc.*, No. 05-2001-DJW, 2009 WL 2951120 at *10 (D. Kan. Sept. 10, 2009) (finding a request for "any financial information received or requested from" the defendants without a time limitation and a request for "all documents regarding any financial information received or requested from" the defendants since 1990 impermissibly broad); *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009) (finding discovery request for "[a]ny and all documents and materials, including but not limited to all radiologists' narratives, B-readers' reports, original chest x-rays, . . . and/or any other date which in any way related to, identifies or organizes the requested documents" and "[a]ll files, including but not limited to patient files, relating to the testing, screening, or diagnosing of any person" impermissibly broad because they did not limit discovery to asbestos patients, contained no

time frame, and could include irrelevant information such as tax returns and employment contracts). These cases are not controlling and most are unhelpful. In one of the cases, the court actually granted all of the contested discovery requests, including those requesting "any and all documents that support" the answers to the contested interrogatories. *Susko v. City of Weirton*, No. 5:09-CV-1, 2010 WL 1881933 at *4 (N.D. W. Va. May 7, 2010). In contrast, here, the plaintiff has requested documents referring to specialist referral requests during a less-than-five-year time frame.

Further, the requested documents were clearly relevant to demonstrate a policy and procedure on the part of the defendant of not providing specialist referrals; the defendant concedes as much in his objection. The defendant's argument that the requested documents will not produce admissible evidence because there is no evidence of a custom on the part of the defendants is circular; the purpose of the requests is to uncover such evidence. Magistrate Judge Majzoub's holding was not clearly erroneous.

C.

The defendant's final objection is that production of the requested documents would violate HIPPA and the due process rights of the individuals mentioned in the documents because the plaintiff has failed to provide notice of his request to each individual patient for whom he would receive medical records. The regulations promulgated pursuant to HIPAA provide, "Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section." 45 C.F.R. § 164.508(a). The parties do not dispute that the defendant is a covered entity. Section 164.512, entitled "Uses and disclosures for which an authorization or opportunity to agree or object is not required," provides that "[a] covered entity may use or disclose protected health information without

the written authorization of the individual . . . or the opportunity for the individual to agree or object . . . to the extent that such use or disclosure is required by law . . . ." 45 C.F.R. § 164.512(a)(1). Subsection (e), which specifically addresses judicial proceedings, permits (but does not require) disclosure in the course of judicial proceedings. 45 C.F.R. § 614.512(e)(1). This subsection provides, in relevant part:

> (e) Standard: Disclosures for judicial and administrative proceedings.
>
> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (I) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; ***or***
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section. . . .
>
> (iv) For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:
>
> (A) The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute; or
>
> (B) The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

> (v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:
>
> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 614.512(e) (emphasis added). The plain language of 45 C.F.R. § 614.512(e)(1)(ii) allows the party requesting the information in discovery either to provide notice to individual patients or to seek a qualified protective order.

The language of the HIPAA regulations does not require a plaintiff seeking information through a discovery request to provide notice to the patients affected where he instead elects to seek a qualified protective order. The regulations require only that the plaintiff provide a written statement and accompanying documentation demonstrating that "reasonable efforts have been made by such a party to secure a qualified protective order." 45 C.F.R. § 614.512(e)(1)(ii)(B). "Reasonable efforts" are defined to include "request[ing] a qualified protective order from [a] court or administrative tribunal [with jurisdiction over the dispute]." 45 C.F.R. § 614.512(e)(1)(ii)(B). In his motion to compel, the plaintiff requested such a protective order. The magistrate judge ordered the parties to enter into a HIPAA qualified protective order. *See* 45 C.F.R. § 614.512(e)(1)(v). That satisfies the requirements of HIPAA, and the defendant has cited no authority to suggest that such a procedure violates a patient's due process rights. Indeed, *Croskey v. BMW of North America*, the only case cited by the defendant dealing with these HIPAA provisions, undermines the defendant's argument, as the court in that case held that the HIPAA does

not even "require that a [party] actually *get* a qualified protective order, but permits the release of information based only on the assurance that the [party] 'has requested a qualified protective order from [a] court or administrative tribunal.'" *Croskey v. BMW of North America*, No. 02-73747, 2005 WL 470767, at *3 (E.D. Mich. Nov. 10, 2005) (quoting 45 C.F.R. § 164.512(e)(1)(iv)(B)). That case thus cannot support the proposition that releasing patient information under a protective order without notifying the patient violates the patient's due process rights, as it does not even require that a protective order be *entered* to permit releasing such information.

Magistrate Judge Majzoub's order is not a clearly erroneous interpretation of the HIPAA requirements, except that she does not plainly order the plaintiff to provide the documents comprising "satisfactory assurance." However, as the defendant is a party to this action, it has access to such documents, including the plaintiff's motion to compel and the magistrate judge's order. This aspect of the defendant's objections must be rejected.

### III.

The Court finds that the defendant's objections are without merit and the magistrate judge's order granting the plaintiff's motion to compel is not clearly erroneous.

Accordingly, it is **ORDERED** that the defendant's objections to the magistrate judge's order granting the plaintiff's motion to compel [dkt. #117] are **OVERRULED**.

                                        s/David M. Lawson  
                                        DAVID M. LAWSON  
                                        United States District Judge

Dated: April 12, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2012.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL