UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

        Plaintiff,

                                                                  Case Number 08-10269

v.                                                   Honorable David M. Lawson

SEETHA VADLAMUDI and
CORRECTIONAL MEDICAL SERVICES,

        Defendants.
_____/

## ORDER DENYING DEFENDANT CORRECTIONAL MEDICAL SERVICES'S MOTIONS FOR PROTECTIVE ORDER STAYING DISCOVERY, TO STAY DISCOVERY, AND FOR LEAVE TO FILE AN ADDITIONAL MOTION FOR SUMMARY JUDGMENT

On May 30, 2012, defendant Correctional Medical Services ("CMS") filed three motions: a motion for leave to file an additional motion for summary judgment, a motion to stay discovery and all deadlines in the scheduling order, and a motion for a protective order staying discovery. The defendant argues that it should be granted leave to file an additional motion for summary judgment advancing a qualified immunity argument in light of the recent decision in *Filarsky v. Delia*, 132 S. Ct. 1657 (2012). Defendant CMS states that although it pleaded qualified immunity as an affirmative defense, prior to *Filarsky* it "did not . . . believe that qualified immunity was available to it as a defense" and therefore did not argue for qualified immunity in its previous motions for summary judgment. Def. CMS's Mot. for Leave to File Add'l Mot. for Summ. J. at 3. Defendant CMS contends that the Court should stay all deadlines in this case pending the resolution of its motion for leave to file an additional motion for summary judgment so as not to subject CMS to the burden of discovery should it be determined that CMS is entitled to qualified immunity. The Court will deny each of defendant CMS's motions.

On August 1, 2008, defendant CMS filed a dispositive motion styled as a motion to dismiss and/or for summary judgment. The Court construed the motion as one for summary judgment, and denied the motion. Defendant CMS filed a motion for reconsideration that did not challenge the Court's construction of the motion. The Court denied that motion on the merits on April 30, 2009. On March 3, 2010, defendant CMS filed a second dispositive motion, styled as a motion for summary judgment. The Court denied this motion for failure to comply with the local rules, as the defendant had neither sought nor obtained leave to file more than one motion for summary judgment as required under Local Rule 7.1(b)(2). The Court also determined that the motion raised substantially the same arguments already considered and rejected by the Court. In neither of these motions did defendant CMS raise an argument based on qualified immunity. Defendant CMS now seeks leave to file a third motion for summary judgment in order to make a qualified immunity argument, which it asserts it did not believe was available to it prior to the Supreme Court's decision in *Filarsky*.

On March 19, 2008, defendant CMS filed a list of affirmative defenses on the docket in this matter. Among the affirmative defenses listed by CMS is the assertion that the plaintiff's complaint was "barred by absolute and/or qualified governmental immunity from tort liability." Def. CMS's Affirmative Defenses at 2. Defendant CMS would now have this Court believe that it did not actually believe that it was entitled to qualified immunity. Federal Rule of Civil Procedure 11(b)(2) states that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). If CMS did not believe that it was entitled to qualified immunity—or at least that a plausible argument of entitlement could be made—then it should not have listed qualified immunity as an affirmative defense. If CMS did believe that it was entitled to qualified immunity, then it should have raised the argument in its first motion for summary judgment. Defendant CMS's argument is either wholly disingenuous or an admission of a violation of Rule 11(b)(2). In either event, it is utterly insufficient to justify granting permission for leave to file a third motion for summary judgment. Although defendant CMS's case for qualified immunity may be stronger after *Filarsky*—and the Court expresses no opinion as to whether defendant CMS is entitled to qualified immunity—the fact that subsequent case law may bolster an argument does not excuse the failure to raise that argument in the first instance.

It appears instead that defendant CMS is engaging in a course of conduct that is intended to prolong this litigation needlessly. The Court will not countenance that strategy.

Because the Court is denying defendant CMS's motion for leave to file an additional complaint, it will also deny the defendant's motions for a stay or protective order pending the Court's decision on the motion for leave.

Accordingly, it is **ORDERED** that defendant Correctional Medical Services's motions for leave to file an additional motion for summary judgment, to stay discovery and all deadlines in the scheduling order, and for a protective order staying discovery [dkt. #167, 168, 169] are **DENIED**.

                                                      s/David M. Lawson  
                                                      DAVID M. LAWSON  
                                                      United States District Judge

Dated: June 4, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2012.

                                    s/Deborah R. Tofil  
                                    DEBORAH R. TOFIL