UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

        Plaintiff,

                                        Case Number 08-10269

v.                                  Honorable David M. Lawson

SEETHA VADLAMUDI and
CORRECTIONAL MEDICAL SERVICES,

        Defendants.

_____ /

## ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL

On April 10, 2012, the Court entered an order granting the plaintiff's motion for additional discover and extending the discovery cut-off date to July 2, 2012. The order contained no special limit on the scope of discovery. On July 2, 2012, the plaintiff filed a motion to compel discovery, to extend discovery, and for relief under Federal Rule of Civil Procedure 37. The plaintiff alleges that defendant CMS failed to provide any documents responsive to the plaintiff's Third Request for Production of Documents, instead objecting to each request. Defendant CMS responded to the motion on July 19, 2012, arguing that the motion should be denied because it was untimely and because the requested discovery exceeds the scope of permissible discovery and is otherwise objectionable. The plaintiff filed a reply in support of his motion to compel on July 27, 2012.

On July 30, 2012, the plaintiff filed an additional motion seeking to compel defendant CMS to produce documents under the Fourth Request for Production of Documents. Defendant CMS has refused to produce any documents responsive to the plaintiff's request. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law

and oral argument will not aid in the disposition of the plaintiff's motions to compel.  Therefore, it

is **ORDERED** that the motions be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

On May 1, 2012, the plaintiff sent a Third Request for Production of Documents (RFP) to

defendant CMS (the plaintiff's first two RFPs were sent prior to the current round of discovery).

This RFP included thirty-seven separate requests for production.  Defendant CMS responded to the

plaintiff's Third RFP on June 4, 2012.  Defendant CMS's response contained boilerplate objections

to the plaintiff's requests, objecting that the requests were overly broad, not reasonably calculated

to lead to the discovery of admissible evidence, and unduly burdensome.  Apparently, defendant

CMS did not produce any documents in response to this request.

The plaintiff filed a motion to compel defendant CMS to produce documents in response to

his Third RFP.  In his motion, the plaintiff agreed to limit the scope of his Third RFP to the time

period of 2005 to 2009.  In addition, the plaintiff agreed to limit the geographic scope of requests

1 through 9, 11 through 13, and 30 through 35 of his Third RFP to Michigan and Delaware and of

requests 17 through 24 to Michigan.  In his motion, the plaintiff argues that each of his requests is

relevant to his claim that defendant CMS had a policy and practice of denying specialty referrals.

The plaintiff also requests that the period for discovery be extended and that the Court impose

sanctions under Federal Rule of Civil Procedure 37 in the form of attorney's fees and costs for the

motion to compel and a finding that defendant CMS has a policy and practice of denying inmates

specialty care.

Defendant CMS argues, in response, that the motion was untimely filed and that the plaintiff

seeks discovery that exceeds the scope of Rule 26.  Defendant CMS also objects to the Third RFP

on the grounds that it is overly broad, both geographically and in the time period requested.

Defendant CMS also argues that some of the requests are vague.  Finally, defendant CMS relies on statements by Dr. Hutchinson during his deposition that some of these documents do not exist, but does not attach a copy of that testimony for the Court to review.  Defendant CMS argues that discovery should not be extended further and that the motion for sanctions should be denied as frivolous and because defendant CMS's objections to the plaintiff's discovery requests were substantially justified.

On May 31, 2012, the plaintiff served defendant CMS with a Fourth RFP containing twelve requests.  Defendant CMS responded on July 2, 2012 with boilerplate objections and refused to produce any documents.  The plaintiff filed a motion to compel on July 30, 2012.  In his motion, the plaintiff agreed to limit the time period of his requests to 2005 through 2009 and to limit request 43 to Michigan and Delaware.  Defendant CMS responds that the plaintiff's motion is untimely, that the documents requested by the plaintiff are not relevant, and that the plaintiff's requests will impose an undue burden on CMS.

Defendant CMS first argues that the plaintiff's motions to compel are untimely.  Defendant CMS bases its arguments on language in the Court's amended scheduling order stating that it would not order discovery after July 2, 2012.  This language does not authorize a party wishing to avoid discovery to stonewall in the hopes that it can reach the cut-off date without having produced any documents and therefore avoid the obligations of discovery.  The plaintiff filed his discovery requests well within the discovery period and defendant CMS had ample time to respond in good faith to the plaintiff's requests.  Its failure to do so will not absolve it from its obligation to participate in discovery.

Defendant CMS also lodged boilerplate objections to each of the plaintiff's discovery requests, stating in conclusory terms that the requests are unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.   Federal Rule of Civil Procedure 26 allows broad discovery in civil litigation, including "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  The scope of discovery under this Rule is "broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970).  Even though all material obtained through discovery may not be offered or admitted at trial, "[m]utual knowledge of all the relevant facts . . . is essential to proper litigation."  *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).  However, Rule 26's "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant."  *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991).

The Supreme Court has explained that boilerplate objections are insufficient to relieve a party of its duty of engaging in discovery:

> We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment.  No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.  Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession.

*Hickman v. Taylor*, 329 U.S. 495, 507 (1947).   "Boilerplace or generalized objections are tantamount to no objection at all and will not be considered by the Court."  *Nissan North America, Inc. v. Johnson Elec. North America, Inc.*, No. 09-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011); *see also Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D.

Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D. N.Y. 1996) (finding that "pat, generic, nonspecific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure."). Defendant CMS's protestations that the discovery sought by the plaintiff "is overly broad and not reasonably calculated to lead to the discovery of admissible evidence and constitutes and impermissible fishing expedition" and that the plaintiff's requests are "unduly burdensome and expensive, unreasonably cumulative and duplicative, [and] irrelevant" do not gain in substance through repetition. Such generic objections as these will not excuse defendant CMS from participating in discovery in a manner consistent with both the letter and the spirit of the Federal Rules of Civil Procedure. Accordingly, the Court will order defendant CMS to respond to the plaintiff's Third and Fourth Requests for Production in accordance with the requirements of Rule 34(b), subject to the limitations proposed by the plaintiff in his motions to compel, and discovery will be extended for that purpose.

The plaintiff's motions to compel also contain a request for sanctions under Federal Rule of Civil Procedure 37 in the form of attorney's fees and a finding that defendant CMS has a practice of denying inmates specialty care. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Rule further provides that "the court must not order this payment if . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court finds that it would be more appropriate to determine the question of attorney's fees upon final disposition of the case.

The plaintiff also requests a finding that defendant CMS has a practice of denying inmates specialty care pursuant to Rule 37(b)(2).  That Rule provides that "if a party . . . fails to obey an order to provide or permit discovery" the Court may impose various sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses" or "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(ii), (vi).  Based on its failure to produce a single document responsive to the plaintiff's Third and Fourth Requests for Production and its boilerplate objections to those requests, defendant CMS apparently has determined that no discovery is relevant and has decided not to engage in discovery on that issue.  The Court does not share the defendant's view, as evidenced by the Court's April 2, 2012 order granting the plaintiff's motion for additional discovery.  However, the plaintiff's request for sanctions is premature, as defendant CMS has not yet failed to obey an order of this Court to engage in discovery.  The Court will not award sanctions at this time.  If defendant CMS continues in its intransigence, however, the Court will consider sanctions under Federal Rule of Civil Procedure 37(b), including case-dispositive sanctions.

Accordingly, it is **ORDERED** that the plaintiff's motions to compel [dkt. #183, 202] are **GRANTED IN PART**.

It is further **ORDERED** that defendant CMS shall respond to the plaintiff's Third and Fourth

Requests for Production in accordance with Federal Rule of Civil Procedure 34(b) **on or before**

**September 5, 2012**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 28, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on August 28, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL
