UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOWE,

               Plaintiff,

                                      Case Number 08-10269

v.                                   Honorable David M. Lawson

SEETHA VADLAMUDI and
CORRECTIONAL MEDICAL SERVICES,

               Defendants.

_____ /

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

On April 10, 2012, the Court entered an order granting the plaintiff's motion for additional discovery and extending the discovery deadline to July 2, 2012. The order contained no special limit on the scope of discovery. On June 1, 2012, the plaintiff served defendant Vadlamudi with a set of interrogatories and requests for production. On July 5, 2012, defendant Vadlamudi responded, refusing to respond to two interrogatories and refusing to produce any documents in response to the plaintiff's requests for production. On July 30, 2012, the plaintiff filed a motion to compel defendant Vadlamudi to answer those two interrogatories and to produce documents responsive to the four requests for production. Defendant Vadlamudi responded on August 16, 2012 and the plaintiff replied on August 24, 2012. The plaintiff argues that defendant Vadlamudi's boilerplate objections are insufficient and that his discovery requests are proper and seek relevant information. Defendant Vadlamudi responds that the plaintiff's discovery request was untimely served, that the information that the plaintiff seeks is not relevant and is overly broad and vague.

The Court has reviewed the motion papers and finds that they adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the plaintiff's motion to

compel.  Therefore, it is **ORDERED** that the motions be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

The Court's amended case management and scheduling order establishes the discovery deadline at July 2, 2012.  Defendant Vadlamudi argues that the plaintiff's discovery request was not timely.  The plaintiff served the discovery request presently at issue on defendant Vadlamudi on June 1, 2012 by both mail and email.   Under Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), defendant Vadlamudi had thirty days to respond to the request, which corresponds to July 1, 2012.  Because July 1, 2012 fell on a Sunday, the response was due on July 2, 2012.  Fed. R. Civ. P. 6(a)(1)(C).  Defendant Vadlamudi argues that because Rule 6(d) adds three days to the time given to respond when parties are served through the mail, her response was due on July 5, 2012 and the plaintiff's request therefore was untimely.   The plaintiff responds that defendant Vadlamudi misconstrues the purpose of Rule 6(d) and seeks to convert it from a shield protecting parties served through the mail from suffering a reduced time to respond to a sword barring discovery.

Defendant Vadlamudi's argument has some merit.  Some courts considering the issue have found that discovery requests that are served by mail must be served thirty-three days before the discovery deadline to be timely.  *See Lynkins v. CertainTeed Corp.*, No. 11-2133-JTM, 2012 WL 3578911, at *2 (D. Kan. Aug. 17, 2012) (collecting cases).  However, in this case, the court will excuse the plaintiff's untimeliness.  The plaintiff's request was filed thirty-one days before the discovery deadline, and defendant Vadlamudi has identified no prejudice that would result from having to respond to requests served two days late.   Other courts presented with similar circumstances have overruled objections based on timeliness where the discovery requests were

-2-

served only slightly after the deadline and the opposing party had sufficient time to respond to the request. *See Lykins*, 2010 WL 3578911, at *3 (ordering party to respond to discovery requests despite the fact that the party's response deadline fell two days after the discovery cut-off due to Rule 6(2)); *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH (MEJ), 2012 WL 1413368, at *3-4 (N.D. Cal. Apr. 23, 2012) (same); *Danger v. Wachovia Corp.*, No. 10-61818-CIV, 2011 WL 1743763 (S.D. Fla. May 6, 2011) (same); *Bishop v. Potter*, No. 2:08-cv-00726-RLH-GWF, 2010 WL 2775332, at *2 (D. Nev. July 14, 2010) (same). Accordingly, defendant Vadlamudi's timeliness objection is overruled.

Defendant Vadlamudi also makes specific objections to each of the disputed requests.

Interrogatory 23 asks whether "there have ever been any formal or informal complaints filed against you with your employer and/or made through the Department of Licensing and Regulatory Affairs, Board of Medicine or any other State or Federal entity." Pl.'s Mot. to Compel Ex. B, Def. Vadlamudi's Resp. to Pl.'s Request for Interrogatories at 1. Connected to this interrogatory is Request to Produce 4, which requests "any documents related to any formal or informal complaints." *Id*. at 2. Interrogatory 24 asks whether defendant Vadlamudi's "medical license has ever been suspended or revoked." *Ibid*. Connected to this interrogatory is Request to Produce 5, which requests "any documents related to the suspension or revocation" of defendant Vadlamudi's medical license. *Ibid*.

Defendant Vadlamudi responds that the requests are not relevant or likely to lead to the discovery of admissible evidence. She objects that the requests are not limited to any time frame, any set of entities, or any relevant subset of requests. She objects that whether her license has ever been suspended or revoked has no bearing on the question of whether she was aware that the

plaintiff had run out of blood pressure medication.  In addition, defendant Vadlamudi states that documents responsive to the request for production would contain personal information that cannot be released to a prisoner because of prison safety and security concerns.

The only rationale the plaintiff has advanced for the relevance of this discovery is that it might demonstrate that defendant Vadlamudi has "a history and practice of denying patients their blood pressure medicine and such evidence could show that she acted in conformity with that practice when she deliberately disregarded Mr. Lowe's serious medical need." Pl.'s Reply at 3-4. Here, however, the plaintiff appears to be confusing his claim against defendant CMS with his claim against defendant Vadlamudi, which does not require proof of a pattern or practice.  Although a discovery request need not seek information "admissible at trial," it must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).  The information the plaintiff seeks does not appear to be admissible.  Nor does it appear calculated to lead to the discovery of admissible information.  The Court will deny the plaintiff's motion with respect to Interrogatories 23 and 24 and Requests to Produce 4 and 5.

Request for Production 6 asks for "all communications between [defendant Vadlamudi] and MDOC or CMS relating to Specialty Care policy, practice, procedure, guidelines, or Donald R. Lowe." *Ibid*.  Defendant Vadlamudi responds that this request is overly broad and vague and that it is not reasonably calculated to lead to any admissible evidence.  She states that she is unsure whether she is being asked to produce all communications with persons who work for either MDOC or CMS, and whether she is being asked to produce the medical records of any patient for whom she requested specialty care.  Without waiving those objections, defendant Vadlamudi states that there are no documents responsive to the request.  Because defendant Vadlamudi appears to have

-4-

answered this request by denying that responsive documents exist and the plaintiff has provided no reason to conclude otherwise, the plaintiff's request to compel a response to Request for Production 6 will be denied.

Request to Produce 7 requests "all documents related to treatment guidelines, and procedures, that [defendant Vadlamudi] followed while treating Donald R. Lowe for any medical condition, including guidelines for issuing of prescriptions, follow-up visits, and Specialty Care referrals." *Id*. at 4. Defendant Vadlamudi responds that the request is overly broad and vague. Defendant Vadlamudi states that she followed MDOC policy to the extent applicable but also relied on her own medical training and experience to administer care. She objects that violation of a policy is not relevant because the case is about a constitutional violation and not a violation of policy. Finally, defendant Vadlamudi states that she is unaware of any specific policies followed in administering care to the plaintiff.

Defendant Vadlamudi's objection to Request to Produce 7 is overruled. Evidence that defendant Vadlamudi failed to follow applicable MDOC policies, while not dispositive, could be relevant to the plaintiff's argument that defendant Vadlamudi was deliberately indifferent to the plaintiff's serious medical needs. Defendant Vadlamudi states in her response that she "followed MDOC policy"; whether she also used her medical training is irrelevant. The MDOC policies defendant Vadlamudi followed be responsive to the plaintiff's request and directly relevant to the plaintiff's claims. Accordingly, the plaintiff's motion to compel an answer to Request to Produce 7 is granted.

Accordingly, it is **ORDERED** that the plaintiff's motion to compel [dkt. #200] is **GRANTED IN PART AND DENIED IN PART**.

-5-

It is further **ORDERED** that defendant Vadlamudi shall produce the MDOC policy that she followed in providing care to the plaintiff **on or before September 5, 2012**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 29, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

-6-